### MARTHA DRAGOO *v.* EPHRAIM DRAGOO, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—695.]

**Fraudulent Conveyance.**

Where one disposes of all his estate to his father for the purpose of defrauding his wife out of her support, the father knowing of such purpose and taking over the property for such purpose, and the son abandons his wife, leaving her nothing, she is entitled to recover against both her husband and his father for the fraud thus worked on her.

APPEAL FROM MASON CIRCUIT COURT.

February 9, 1884.

OPINION BY JUDGE PRYOR:

It is plain from the testimony in this case that the purpose of Ephraim Dragoo was to defraud his wife when making a sale or disposition of all of his estate to his father, and at the same time abandoning his wife without making any provision for her support.

The object in securing his creditors originated more from a desire to protect his father, who was liable as his surety, than to satisfy the demands. He was with his father on the evening or night prior to the sale to him of his estate, and the two went together to Maysville and had the contract of sale prepared by the county judge with the avowed intention expressed on the part of Ephraim that he wanted matters so arranged as to exclude his wife from any right to his property, evidently anticipating a suit by her as soon as his abandonment of her took place. His father was present when he expressed a desire to exclude the wife and must have heard what was said and, in fact, must have known the object in view. As soon as the contract was signed and a part of the money paid, with the note of his father in his pocket for the balance due, he left on the next steamer, his whole property in the hands of his father as purchaser, and his wife left entirely dependent on the charity of friends for the necesaries of life. The circumstances are conclusive as against both father and son, and their testimony but confirms all the other testimony conducing to show fraud. The right to maintain an action is not questioned, and why the appellant was required to elect as to whether she would prosecute her claim under the original pleading or under the amendment we are not able to see. They were not inconsistent, nor did they present separate causes of action. The one was in aid only of the other.

Fraud was alleged in the original petition and the amendment alleged an indebtedness of the son who had left the country. The purpose of the amendment was to secure what had been left in the event the fraud or the attachment could not be sustained. The case, however, is made out by the pleadings and the proof, and the

judgment should have been for $400 against the father and son and the money secured to the wife. On the return of the cause a judgment will be entered against the appellees, Ephraim Dragoo and Jacob Dragoo with interest from the date of the judgment and the execution issued in the name of the commissioner or some one appointed to hold the money for the wife, to pay her so much of either principal or interest, after deducting attorney fees, as the court may deem proper.

Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

*Whittaker & Robertson,* for appellant.
*Barbour & Cochran,* for appellees.

